IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARK MOORE, | )<br>) |
| Plaintiff, | )<br>) |
| | ) No. 07 C 555 |
| v. | )<br>) |
| MOTOR COACH INDUSTRIES, INC., | )<br>) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Defendant Motor Coach Industries, Inc. ("MCI") has filed a motion under 28 U.S.C. § 1404(a) to transfer the above captioned case to the United States District Court for the Southern District of New York. For the following reasons, I grant defendant's motion.

I.

Plaintiff Mark Moore's ("Moore") complaint alleges claims of strict products liability, negligence, and "willful and wanton misconduct" against defendant. On June 28, 2003, the date of the alleged accident, Moore was employed as a cross-country bus driver for Greyhound Lines, Inc. ("Greyhound"). The complaint alleges that while attempting to open the wheelchair lift doors on the coach bus he was operating, the doors malfunctioned and crushed his left wrist. This took place at Greyhound's bus terminal in New York, New York. Moore received emergency medical treatment in New York. Moore, presently a resident of Georgia, was a Virginia

resident at the time of the accident where he returned to obtain follow-up medical treatment. He has never resided in Illinois.

MCI manufactured the bus in controversy. MCI is a Delaware corporation headquartered and with its principal place of business in Schaumburg, Illinois. MCI has subsidiaries and affiliated entities such as MCI Sales and Services, Inc., which sells, leases and repairs MCI buses and is located in Illinois; MCI Limited, located in Winnipeg, Manitoba, Canada; and MCI Mexico, S.A. de C.V. located in Mexico City, Mexico. The bus at issue in this case was manufactured in a plant located in Sahagun, Mexico, and which is operated by MCI's Mexican affiliate. (Def. Exh. F, Part 5, R.C. 103 ¶ 6.)

For the parties, this motion may bring about feelings of *deja vu*. Previously, in 2005, plaintiff filed a complaint against MCI in the Circuit Court of Cook County, Illinois for the same occurrence. MCI filed a motion to dismiss based on the doctrine of *forum non conveniens*. Discovery was conducted on issues relating to the relative convenience of proceeding with the action in Cook County, Illinois. The circuit court denied the motion. On appeal, the Illinois First District Court of Appeals reversed, finding the trial court abused its discretion in denying the motion and that New York was a more appropriate forum. On May 19, 2006, the First District Court of Appeals denied Moore's Petition for Rehearing. On September 27, 2006, the Illinois Supreme Court denied Moore's

petition for leave to appeal. Moore subsequently filed this lawsuit in federal court.

II.

This court may transfer venue to another district or division for reasons of convenience when it is "in the interest of justice." 28 U.S.C. § 1404(a). The moving party must show that (1) venue is proper in this district; (2) venue is proper in the transferee district; (3) the transferee district is more convenient for both the parties and witnesses; and (4) transfer would serve the interest of justice. *Bryant v. ITT Corp.*, 48 F. Supp. 2d 829, 832 (N.D. Ill. 1999). In ruling on a motion to transfer, I must consider these statutory factors "in light of all the circumstances of the case." *See Coffey v. Van Dorn Iron Works*, 796 F.2d 217, 219 (7th Cir. 1986) (citations omitted). Section 1404(a) does not indicate the relative weight to afford to each of these factors; this is left to the discretion of the district court. *See id.* at 219, n.3. The weighing of the relevant factors "involves a large degree of subtlety and latitude, and, therefore, is committed to the sound discretion of the trial judge." *Id.* at 219; *see also N. Shore Gas Co. v. Salomon Inc.*, 152 F.3d 642, 648, n.3 (7th Cir. 1998) (citation omitted); *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964) (noting that the remedial purpose of § 1404(a) requires "individualized, case-by-case consideration of convenience and fairness"). The movant, here MCI, bears the burden of establishing

that the transferee forum is more convenient. *Coffey*, 796 F.2d at 219.

In this case, venue is proper in both the Northern District of Illinois and the Southern District of New York.[1] The only real dispute between the parties is which district is the more convenient forum, and whether transfer would be in the interests of justice.

### III.

In determining whether a forum is more convenient and whether a transfer would be in the interest of justice, the court must consider the private interests of the parties as well as the public interest of the court. *N. Shore Gas Co. v. Salomon, Inc.*, 896 F. Supp. 786, 791 (N.D. Ill. 1995). The factors relevant to the parties' private interests include (1) the plaintiff's choice of forum; (2) the situs of material events; (3) the convenience of the parties; and (4) the convenience of the witnesses. *Coll. Craft Cos., Ltd. v. Perry*, 889 F. Supp. 1052, 1054 (N.D. Ill. 1995). The factors relevant to the public interest of the court include the court's familiarity with the applicable law and concerns relating to the efficient administration of justice. *Id.* at 1056. The burden is on the moving party to demonstrate that the balance of

---

[1] Moore concedes MCI is subject to process in the Southern District of New York under the New York Long Arm Statute. Moreover, the accident alleged in the complaint occurred in Manhattan. *See* 28 U.S.C. § 1391(a).

the factors weighs heavily in favor of transfer and that transfer would not merely shift inconvenience from one party to another. *Fink v. Declassis*, 738 F. Supp. 1195, 1198 (N.D. Ill. 1990).

A. Plaintiff's Choice of Forum and Situs of Material Events

A plaintiff's choice of forum is generally given substantial weight, particularly when it is the plaintiff's home forum. *Vandeveld v. Christoph*, 877 F. Supp. 1160, 1167 (N.D. Ill. 1995). Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *In re Nat'l Presto Indus., Inc.*, 347 F.3d 662, 664 (7th Cir. 2003) (citations omitted). A plaintiff's choice of forum is afforded less deference, however, when another forum has a stronger relationship to the dispute or when the forum of plaintiff's choice has no significant connection to the situs of material events. *Chicago, Rock Island & Pac. R.R. Co. v. Igoe*, 220 F.2d 299, 304 (7th Cir. 1955).

Plaintiff's choice of forum was the Northern District of Illinois. It is undisputed, however, that Moore does not reside in the Northern District of Illinois; therefore his choice is entitled to less deference.

Moore argues that MCI's headquarters is in Illinois, and therefore business decisions concerning the manufacture, design, and sales of the product at issue took place in the district. In response, MCI asserts that (1) the bus at issue was not designed or

5

manufactured in the district (Def. Exh. F, Part 6, R.C. 126 ¶ 6); (2) no documents relating to the design, engineering or manufacturing of the bus in question are located in Illinois (Def. Exh. F, Part 5, R.C. 103 ¶ 7; Part 6, R.C. 113 ¶ 8; Part 6, R.C. 126 ¶ 6; Part 7, R.C. 132 ¶¶ 12-13); (3) no MCI employee with knowledge of the design, engineering or manufacturing of the bus in question resides in Illinois (Def. Exh. F, Part 6, R.C. 126 ¶ 6); and (4) Moore's accident occurred in New York.

Overall, there is no evidence that business decisions concerning the manufacture or design of the bus at issue occurred in the Northern District of Illinois. This is significant in products liability cases. *See Aldridge v. Forest River, Inc.*, 436 F.Supp. 2d 959, 961 (N.D. Ill. 2006) (material events that give rise to claims of strict products liability and negligence concern manufacturing of product). Accordingly, I find the Northern District of Illinois has no significant connection to the situs of material events. This weighs in favor of transfer.

B. Convenience of the Parties and Witnesses

Other factors I must consider are the convenience of the parties and witnesses. Although MCI headquarters are in Illinois it argues this district is an inconvenient forum because all occurrence and post-occurrence witnesses are located in New York or Virginia and MCI's corporate operations in Illinois do not involve the manufacture or design of the bus at issue. Therefore,

litigating this case in an Illinois forum is less convenient and will force the parties to incur greater costs by having to travel to New York to depose occurrence witnesses. MCI argues further that no material testimonial or documentary evidence is located in Illinois; neither the bus nor wheelchair lift were manufactured or designed in Illinois.

Courts consider the "relative ease of access to sources of proof" and the "cost of securing witnesses" as factors in the transfer analysis. *See, e.g., Chicago, Rock Island & Pac. R.R. Co.*, 220 F.2d at 303. I must also consider the convenience of potential witnesses, looking beyond the number of witnesses to be called and examining the nature and quality of the witnesses' testimony with respect to the issues in the case. *Vandeveld*, 877 F. Supp. at 1168. Some courts have concluded that a party must present actual evidence, such as through an affidavit, for a court to determine whether transfer is appropriate. *See, e.g., Midwest Precision Servs. v. PTM Indus. Corp.*, 574 F. Supp. 657, 659 (N.D. Ill. 1983). The convenience of party witnesses is less relevant than the convenience of non-party witnesses, since party witnesses normally must appear voluntarily. *See, e.g., First Nat'l Bank v. El Camino Res., Ltd.*, 447 F. Supp. 2d 902, 913 (N.D. Ill. 2006) (citation omitted). "The convenience of the witnesses is often the most important factor in determining whether to grant a motion to transfer." *Id.*

In light of the fact that the bus was not manufactured or designed in Illinois and that the accident took place in New York, MCI argues that most discovery will take place outside of this district and will result in additional expenses for the parties. While the testimony of the alleged occurrence witnesses is not identified with any specificity, it is undisputed that the accident took place in New York and that Moore received emergency medical treatment in New York. Therefore, at least some discovery will have to take place in New York, which weighs in favor of transfer. To the extent that any documents and witnesses concerning the manufacture and design of the bus and wheel chair lift are also located outside of Illinois, but not in New York, this factor is neutral. As argued by Moore, documents outside the district can just as easily be shipped or sent to Illinois; the same reasoning applies to shipping or sending the documents to New York. *See Rugamboa v. Rungenga*, No. 06 C 1142, 2007 WL 317035, at * 2 (N.D. Ill. Jan. 30, 2007) (Guzman, J.) (location of records has no impact on transfer analysis unless extraordinarily voluminous or otherwise difficult to ship). Accordingly, I find the convenience of the parties factor weighs slightly in favor of transfer.

MCI next argues that the only third party witnesses in this case are located in New York. MCI has not provided any affidavits or other actual evidence specifying third-party witnesses and their purported testimony. Accordingly, I do not consider them in my

analysis. *See Aldridge*, 436 F.Supp. 2d at 962. Overall, the only potential witnesses located in Illinois are MCI Illinois-based employees. These employees are not involved in the design or manufacture of the product. Moreover, MCI is presumed to assure the appearance and testimony of its employees so the convenience of those witnesses does not weigh in favor or against transfer. *See FPC Corp. v. Uniplast, Inc.*, 994 F.Supp. 945, 947 (N.D. Ill. 1998). In fact, MCI itself claims it would be more convenient to litigate outside of Illinois. Neither party identifies a single material third-party witness that is located in Illinois. Accordingly, I find the convenience of witnesses factor is neutral.

IV.

In addition to considering the parties' private interests, I must consider the public interests of the court. Factors relevant to this inquiry include the transferor and transferee court's familiarity with the applicable law and the effect of transfer on the efficient administration of justice. *Coll. Craft Cos.*, 889 F. Supp. at 1056; *see also Schwarz v. Nat'l Van Lines, Inc.*, 317 F. Supp. 2d 829, 837 (N.D. Ill. 2004).

Moore contends this factor weighs against transfer because Illinois choice of law rules apply. *See Coffey*, 796 F.2d at 221 (where a defendant seeks to transfer a case to a new district, the law of the transferor district continues to apply). Both the federal common law and the Illinois choice of law rules are the

same: the Restatement (Second) of Conflict of Laws' rule of the most-significant-relationship. *See, e.g., Prudential Ins. Co. of America v. Athmer*, 178 F.3d 473, 477 (7th Cir. 1999); *In re Parmalat Sec. Litig.*, No. 04 Civ. 9771(LAK)(DLC), 2007 WL 541466, at *8 (S.D.N.Y. Feb. 22, 2007) (Cote, J.); *Esser v. McIntyre*, 169 Ill.2d 292, 297-98, 661 N.E.2d 1138, 1141 (Ill. 1996). Therefore, a federal court sitting in New York is just as capable of applying this rule as a federal court sitting in Illinois.[2]

This lawsuit will progress at essentially the same pace whether it proceeds in this district or the Southern District of New York. Federal Court Management Statistics demonstrate that the speed to trial in the proposed transferee district is similar to or better than the speed to trial in the Northern District of Illinois. *See First Nat'l Bank*, 447 F. Supp. 2d at 913-14 (considering speed to trial as part of the interests of justice). Consequently, this factor is relatively neutral in the transfer analysis.

---

[2]Moreover, under Illinois' most-significant-relationship test "the law of the place of injury controls unless Illinois has a more significant relationship with the occurrence and with the parties." *Id*. In its application, courts consider (1) where the injury occurred; (2) where the injury-causing conduct occurred; (3) the domicile of the parties; and (4) where the relationship of the parties is centered. *Id*. "The place of the conduct and the place of injury are the most important factors." *Stavriotis v. Litwin*, 710 F.Supp 216, 218 (N.D. Ill. 1988) (citing *Ingersoll v. Klein*, 26 Ill.2d 42, 47-48, 262 N.E.2d 593, 596 (1970)).

Finally, some courts have held that one factor to consider in assessing the public interests of the court is the relationship of the communities to the litigation. *See, e.g., Chicago, Rock Island and Pac. R.R. Co.*, 220 F.2d at 304. MCI has a presence in this district as well as the proposed transferee district; to the extent that MCI's Illinois residence tips the scales in favor of an Illinois forum, it is neutralized by the fact that the transferee district is where the alleged accident took place and where Moore obtained emergency medical services. This case is also unusual, for the State of Illinois has already weighed in on Illinois' public interest in this litigation and determined it did not warrant denying the motion to dismiss for *forum non conveniens*. *Moore v. Motor Coach Industries, Inc.*, No. 1-05-3382, slip op. (Ill. App. Ct. Apr. 19, 2006). For these reasons, I conclude that the public interests of the court is also neutral.

V.

Because I find two factors weigh in favor of transfer and no factors weigh against transfer, I grant MCI's motion and hereby transfer this case to the Southern District of New York.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: May 18, 2007